IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | PLAINTIFF |
| V. | CASE NO. 5:14-CR-50039-001 | |
| DOYLE D. SMITH | | DEFENDANT |

### MEMORANDUM OPINION AND ORDER

This matter came before the Court on January 28, 2015 for a hearing on Assistant Federal Public Defender Jack Schisler's Second Motion to Withdraw as Attorney and to allow Defendant Doyle D. Smith to proceed *pro se* (Doc. 47). This Motion is effectively a motion to reconsider the Court's Order (Doc. 45) denying Mr. Schisler's January 21, 2015 Motion to Withdraw (Doc. 44). Based upon a review of said Motions, oral argument of counsel, questioning of Mr. Smith, a review of the docket, pertinent pleadings, and transcripts of hearings conducted on October 15 and 17, 2014[1], and other matters before the Court, the Court finds that it is proper and in the best interest of justice that Mr. Smith be represented by counsel, and therefore his Second Motion to Withdraw (Doc. 47) is **DENIED** for the reasons expressed below.

---

[1] The Court has reviewed the draft real-time transcript from the Pretrial Hearing conducted on the morning of October 15, 2014; the final transcript (Doc. 43) of the Show Cause Hearing conducted by Magistrate Judge Erin L. Setser on October 15, 2014, regarding Mr. Smith's failure to appear at the Pretrial Hearing; and the final transcript (Doc. 46) of the Hearing on October 17, 2014, regarding Mr. Schisler's Motion (Doc. 40) for *de novo* review of Judge Setser's October 15, 2014 rulings.

## I. BACKGROUND

This matter is presently set for trial on February 9, 2015. Mr. Smith is charged in a superseding indictment with one count of obstructing and impeding the due administration of the Internal Revenue laws in violation of 26 U.S.C. § 7212(a), four counts of subscribing a false tax return in violation of 26 U.S.C. § 7206(1), and one count of passing a fictitious obligation purporting to be issued under the authority of the United States in violation of 18 U.S.C. § 514.[2]

Mr. Smith's initial appearance was on July 3, 2014, at which time a Federal Public Defender was appointed and Mr. Smith was released on a $50,000 secured bond. On July 29, 2014, Mr. Schisler, citing the need for more time to review voluminous documents, moved for a continuance (Doc. 15). The motion was granted and the trial date was moved from August 14, 2014 to September 29, 2014. A second motion to continue was subsequently filed by the Government (Doc. 23) and the trial was reset for October 20, 2014.

On August 11, 2014, Mr. Smith filed a "Notice" (Doc. 17), which the Court treated as a motion to remove Mr. Schisler as counsel and to allow Mr. Smith to proceed *pro se*.[3] On August 18, 2014, the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas, conducted a *Faretta* hearing on Mr. Smith's request to

---

[2]Mr. Smith was originally indicted on June 25, 2014. The superceding indictment was filed on September 23, 2014.

[3]Mr. Smith's Notice provided: "i, doyle smith, a man, no longer require the services of JACK SCHISLER, acting as an ATTORNEY. i, doyle smith, a man shall be at the U.S. distract [sic] court scheduled for 29 September 2014 in the flesh." The Notice was signed and fingerprinted by Mr. Smith.

proceed *pro se*.  After advising Mr. Smith of the seriousness of the charges and penalties against him, and conducting an inquiry regarding his education; his knowledge of the Federal Rules of Criminal Procedure, the United States Sentencing Guidelines, and local rules; and the dangers and disadvantages of self-representation, Judge Setser granted Mr. Smith's request to represent himself. *Faretta v. California*, 422 U.S. 806, 835 (1975).  Mr. Schisler was appointed as standby counsel.  Judge Setser noted that Mr. Smith had already attempted to file a (different) "Notice," which failed to conform to the Federal Rules and was a frivolous and improper pleading.  She cautioned Mr. Smith that the Court reserved the right to reappoint Mr. Schisler if Mr. Smith were to file any further frivolous motions or pleadings. (Doc. 20).

During the time that Mr. Smith represented himself, he took a number of actions that evidenced obstructionist behavior and a failure to conform to the rules expected of *pro se* litigants.  First, he sent a stream of letters to the United States Attorney's office protesting its jurisdiction over him.[4]  Second, on October 7, 2014, he filed a civil suit in the Circuit Court of Washington County against Conner Eldridge, the United States Attorney for the Western District of Arkansas, for trespass on his "property."  This lawsuit purports to state a cause of action for trespass against the Unites States Attorney as a consequence of the filing of the instant criminal charges against Mr. Smith.[5]  Third, in the Court's Pretrial

---

[4]*See* Minute Entry at Doc. 20 where Judge Setser warned Mr. Smith against the filing of frivolous motions and pleadings. *See also* the reference to a "stream of letters" Mr. Smith had sent to the U.S. Attorney's Office espousing "sovereign citizen-type arguments" and protesting jurisdiction, as explained by Government's counsel at the October 17 hearing (Doc. 46, pp. 11-12).

[5]*See* Minute Entry at Doc. 20 where Judge Setser warned Mr. Smith against the filing of frivolous motions and pleadings. The lawsuit was subsequently removed by the

Scheduling Order, as amended (Docs. 8 and 26), the parties were directed to confer on proposed jury instructions and other pretrial matters. Although the Government's counsel mailed Mr. Smith a set of proposed jury instructions, proposed verdict form, and statement of the case, Mr. Smith failed to respond to the Government and otherwise failed to confer.[6] Fourth, the Government's counsel mailed a proposed plea agreement to Mr. Smith. However, knowing that the Pretrial Scheduling Order had a change of plea deadline, Mr. Smith intentionally delayed his response (that he was declining the plea) by addressing the envelope to "*RAK, Department of Justice,*" instead of properly addressing it to the Government's Counsel, *Robert A. Kemins.*[7]

More obstructionist behavior soon followed. On October 15, 2014, Mr. Smith failed to appear at the Pretrial Hearing, which required the Court to adjourn the hearing and issue a bench warrant for his arrest. Upon learning of the warrant, Mr. Smith came to the courthouse and appeared before Judge Setser for a show-cause hearing to determine whether Mr. Smith's bond and *pro se* status should be revoked. During the show-cause hearing, Mr. Smith admitted to Judge Setser that he was aware of the date set for the

---

Government to this Court's civil docket, Case No. 5:14-CV-05362. Mr. Smith's "complaint" was received as Court's Ex. 1 to the January 28, 2015 hearing record.

[6]This was brought to the Court's attention by the Government's counsel during the Pretrial Hearing on October 15, 2014. During Judge Setser Show Cause Hearing, Mr. Smith blamed his failure to comply with the Court's Order on his lack of understanding as to the meaning of the word "confer." (Doc. 43, pp. 16-20).

[7]Although Mr. Smith's actions occurred prior to the October 15, 2014 Pretrial Hearing, Government's counsel was not aware until sometime after that hearing. Consequently, these events were first brought to the Court's attention at the January 28, 2015 hearing. Based on the Court's colloquy with Mr. Kemins and Mr. Smith at the hearing on January 28, the Court finds that Mr. Smith's actions are indicative of a pattern of dilatory and obstructive tactics.

4

Pretrial Hearing, but claimed to be unaware of the specific time or place. Mr. Smith acknowledged that he made no effort to determine the time or place of the hearing, and instead "assumed" that the hearing had been cancelled or rescheduled. Judge Setser determined that Mr. Smith willfully failed to appear, and further, that he had lied to the Court. Judge Setser revoked Mr. Smith's bond, remanded him to the custody of the U.S. Marshall, and appointed Mr. Schisler to take over as attorney of record.

On October 16, 2014, Mr. Schisler filed a Motion Requesting Revocation of Detention Order And Reinstatement of Mr. Smith's *Pro Se* Status (Doc. 40), in which he sought a *de novo* review of Judge's Setser's rulings pursuant to 18 U.S.C. Section 3145(b). Prior to and during a hearing the October 17, 2014 Hearing on the Motion,  the Court observed  that if Mr. Smith were represented by counsel, he would be much more likely to comply with the Court's orders.  In response, Mr. Schisler represented that Mr. Smith was willing to consent to Mr. Schisler's representation going forward, and therefore his Motion for Reinstatement of Mr. Smith's *pro se* status was "moot."[8] The Court directly inquired of Mr. Smith as to whether he was voluntarily waiving his right to represent himself and consenting to representation by Mr. Schisler, to which Mr. Smith responded:  *"I will allow Mr. Schisler to represent me. I have given him that consent."*[9]  Based on these representations, the Court "ratified" Judge Setser's appointment of Mr. Schisler as attorney

---

[8]Mr. Schisler stated: "Your Honor, I talked to Mr. Smith recently and discussed first the *pro se* matter. He is content to allow me to continue to represent him.  So I would—I would say at this point in time that portion of my motion is moot, and I believe that Mr. Smith will confirm that if the Court asks him to do so." *See* Doc. 46 at p. 5.

[9]Doc. 46 at p. 15.

5

of record, but noted that such appointment was pursuant to Mr. Smith's consent, and not against his will.[10]

The Court reinstated Mr. Smith's bond with the following caveats: (1) all conditions formerly associated with the bond will be in effect; (2) an additional condition was imposed requiring Mr. Smith to report twice per week to Mr. Schisler, either in person or by telephone, in order to properly assist in his own defense and to keep apprised of relevant deadlines and Court appearances; and (3) Mr. Smith was to have no personal communications with the Government or its attorneys during the pendency of this matter; instead, all communications between Mr. Smith and the Government or its attorneys must be conducted by and through Mr. Schisler until this matter is fully and finally resolved. The Court imposed these bond conditions in order to insure that Mr. Smith cooperate with his counsel; appear on time at scheduled court hearings; and refrain from engaging in obstructionist conduct, including engaging in improper communications with the United States Attorney's office, against whom Mr. Smith has filed a civil lawsuit.[11]

For the next three months the case proceeded without any further problems or issues. Then, on January 21, 2015, two weeks prior to the Final Pretrial Hearing, and with the trial set to commence on February 9, 2015, Mr. Schisler filed a Motion to Withdraw as Attorney (Doc. 44), requesting the Court to reinstate Mr. Smith's *pro se* status. Mr. Schisler stated that although Mr. Smith had previously consented to being represented by counsel, he had simply changed his mind and now wished to proceed *pro se.* The Court denied the

---

[10]Doc. 46 at p. 16.

[11]Doc. 46 at pp. 16-18.

Motion to Withdraw in its January 23 Order (Doc. 45), citing as grounds much of the discussion above regarding Mr. Smith's prior failure to comply with Court rules. On January 26, 2015, Mr. Schisler filed yet another Motion, this time requesting that the Court reconsider its January 23 Order denying him permission to withdraw. The Court conducted a hearing on January 28, 2015, from which this Order follows.

## II. LEGAL STANDARD

While it is well established that the Sixth Amendment grants a defendant the right to self-representation, *Faretta*, 422 U.S. at 819-20, the right to self-representation is not absolute, *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 161 (2000). Once the defendant makes a "clear and unequivocal" request to represent himself, a court may nonetheless deny the request in certain circumstances. *United States v. Edelmann*, 458 F.3d 791, 808 (8th Cir. 2006). To exercise the right of self-representation, the defendant must first make the request in a timely manner. *Id.* (citing *Martinez*, 528 U.S. at 162). Second, the right to self-representation may be denied or terminated "when the defendant engages in serious obstructionist misconduct." *Id.* (citing *United States v. Mosley*, 607 F.3d 555, 558 (8th Cir. 2010) (internal citations omitted). *See also United States v. Myers*, 503 F.3d 676, 681 (8th Cir. 2007). Third, the court can refuse to permit self-representation when the defendant is unable to knowingly and intelligently forgo the traditional benefits associated with right to counsel. *Edelmann*, 458 F.3d at 808 (citing *Faretta*, 422 U.S. at 835).

A defendant is not entitled to use the right of self-representation "as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process."

*Mosley*, 607 F.3d at 558 (citing *Edelmann*, 458 F.3d at 808-09). "[T]he government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Martinez,* 528 U.S. at 162. *See also United States v. Frazier–El*, 204 F.3d 553, 559–60 (4th Cir. 2000) (affirming district court's denial of request for self-representation when defendant maintained that he was not subject to court's jurisdiction). That a defendant is competent to stand trial does not mean that he is automatically entitled to represent himself. The inquiries are distinct. *See Godinez v. Moran*, 509 U.S. 389, 400-02 (1993).

The right of self-representation is *not* "a license not to comply with relevant rules of procedural and substantive law." *United States v. Mabie*, 663 F.3d 322, 328 (8th Cir. 2011). Thus, a defendant wishing to represent himself must be "able and willing to abide by rules of procedure and courtroom protocol." *McKaskle v. Wiggins*, 465 U.S.168, 173 (1984). Further, "[t]rial courts must be allowed to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel." *Edelmann*, 458 F.3d at 809.

### III. DISCUSSION

Mr. Schisler requests the Court to reconsider its Order denying his Motion to Withdraw. Mr. Schisler contends that he should be allowed to withdraw because Mr. Smith has changed his mind—and now wishes to proceed *pro se*—again. According to Mr. Schisler, good cause exists to grant the Motion because Mr. Smith has been in full compliance with the terms of his pretrial release since October 17, 2014. Mr. Schisler

explains that Mr. Smith has been courteous and respectful to the bench and has done nothing to obstruct the trial process.

### A. Waiver of Right to Self-Representation

Since a defendant has the right to make a knowing and voluntary waiver of his Sixth Amendment right to counsel, it stands to reason that a defendant can make a knowing and voluntary waiver of the right to represent himself. In this case, Mr. Smith's Sixth Amendment rights were initially protected by the appointment of counsel at his first appearance. Later, Mr. Smith invoked his right to waive counsel. On August 18, 2014, Judge Setser conducted a *Faretta* hearing and granted Mr. Smith's request to forego the benefits of counsel and represent himself. *Faretta*, 422 U.S. at 835.

Mr. Smith subsequently proved unable and/or unwilling to abide by the Court's orders. On October 15, for the reasons discussed above, Judge Setser revoked Mr. Smith's right to self-representation. Two days later, during the hearing in which this Court was called upon to review Judge Setser's actions, Mr. Smith voluntarily agreed to forgo his right to represent himself. Mr. Smith expressly consented to Mr. Schisler's appointment and representation.

To exercise the right of self-representation, a defendant must first make the request in a timely manner. *Edelmann*, 458 F.3d at 808 (citing *Martinez*, 528 U.S. at 162). Moreover, a defendant is not entitled to use the right of self-representation "as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *Mosley*, 607 F.3d at 558 (citing *Edelmann*, 458 F.3d at 808-09). The Court finds that Mr. Smith knowingly and voluntarily waived his right to self-representation. To allow him to flip

flop once again at the eleventh hour would amount to an untimely distortion of the system and a manipulation of the trial process.

### B. Substantive *De Novo* Review

At the October 15 Show Cause Hearing, Judge Setser found—and this Court agrees—that Mr. Smith intentionally failed to comply with the Court's orders, and that he had openly lied to her during the hearing. Consequently, even if the Court were to assume for the sake of argument that one cannot waive the right of self-representation, and/or that there are no limits on the number of times a defendant can flip flop with respect to his chosen manner of representation—attorney vs. self—under the Sixth Amendment, the Court cannot simply ignore the series of events that resulted in Judge's Setser's revocation of Mr. Smith's right to self-representation.

On October 16, Mr. Schisler filed a Motion (Doc. 40) seeking this Court's review of Judge Setser's Order (Doc. 39). However, at the October 17 hearing Mr. Schisler announced that Mr. Smith consented to representation by counsel, and therefore his request to proceed *pro se* was moot. Now, with the filing of his most recent Motions (Docs. 44 and 47), Mr. Schisler is effectively contending that the issue of representation—attorney vs. self—is no longer moot. In actuality, Mr. Smith is seeking to withdraw the consent he gave in open court on October 17 to allow Mr. Schisler to represent him. This maneuver takes the Court back to the status quo as of the filing of the Motion (Doc. 40) on October 16, wherein Mr. Schisler sought review of Judge Setser's October 15 rulings. Accordingly, as requested in the motion, the Court has now conducted a *de novo* review.

Contrary to the arguments advanced by Mr. Schisler, it is apparent that Mr. Smith has a history of obstructionist conduct as evidenced by his willful failure to attend the Pretrial Hearing on October 15. He admitted to Judge Setser that he was aware of the date set for the Pretrial Hearing, but claimed to be unaware of the specific time or place—so he opted to simply not appear. The Court agrees with Judge Setser's determination that Mr. Smith was *lying* to the Court. Mr. Smith also had a history of not cooperating with the Government's counsel as part of the pretrial process mandated by the Court's Scheduling Order. He sent improper communications to the Government's counsel by sending a stream of letters protesting its jurisdiction over him. After being warned to refrain from such conduct, Mr. Smith filed what appears to be a facially frivolous complaint in state court—which the Court finds to be a rather obvious attempt to circumvent Judge Setser's prohibition against the filing of frivolous pleadings against the Government. These are not innocent *pro se* mistakes. Judge Setser found willful failure and the Court's review confirms this. Although Mr. Schisler points out that such events have not occurred since the October 17 hearing, the Court would suggest the reason is because Mr. Schisler has been the attorney of record since that time.

After a *de novo* review of the record, the Court agrees with Judge Setser and finds that Mr. Smith should not represent himself. *Mosley*, 607 F.3d at 557-59 (revocation of a defendant's *pro se* status was warranted where the defendant had filed a number of unintelligible and frivolous *pro se* pleadings and motions in the district court and had demonstrated an unwillingness to participate in pretrial proceedings, and there was good cause to believe that the defendant would continue to disrupt the proceedings if the court

permitted him to resume self-representation). *See also United States v. Gabrion*, 648 F.3d 307, 331–32 (6th Cir. 2011) (finding that a defendant who was particularly disruptive in pretrial hearings was not entitled to proceed *pro se* given the totality of his disruptive behavior, which included being persistently disruptive and filing numerous bizarre motions).

### C. Manipulation vs. Sincere Reason

Other than Mr. Smith's mind, nothing has changed since Judge Setser properly revoked his right to self-representation. No legitimate reason has been advanced—much less any legal authority—to justify reversing course once again.

The Court has a legitimate interest—especially in the context of this case—in understanding whether a defendant's request is a genuine and sincere desire to dispense with counsel, rather than a mechanism to advance an improper argument. This Court "must be allowed to distinguish between a manipulative effort to present particular arguments and a sincere desire to dispense with the benefits of counsel." *Edelmann*, 458 F.3d at 809. At the January 28 hearing, the Court sought to discern Mr. Smith's motive in reasserting his request on the eve of trial. Mr. Smith stated that he now wants to represent himself because he knows what happened better than anyone else. The same could be said by every defendant in every case. The same question was posed to Mr. Schisler, who stated that he did not know Mr. Smith's reasoning, nor the arguments that he would advance to the jury. Despite considerable effort at the January 28 hearing to determine Mr. Smith's motives, the Court is not persuaded that his intentions are genuine and sincere.

## IV. CONCLUSION

Mr. Smith has clearly had his shot at representing himself, and he "blew it."[12] The right to self-representation is not absolute. Importantly, once this right is properly revoked and/or waived, the Court is not required to constantly re-evaluate its restoration; otherwise, defendants would be empowered to manipulate the trial process for improper purposes.

**IT IS THEREFORE ORDERED** that Mr. Schisler's Second Motion to Withdraw as Attorney (Doc. 47) is **DENIED**.

**IT IS SO ORDERED** this 4th day of February, 2015.

/s/ TLB
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[12] During the January 28 hearing, Mr. Schisler argued that if he were appointed as standby counsel and Mr. Smith began to advance arguments the Court believed were improper, the Court could then say "you had your shot, Mr. Smith, and you blew it and now standby counsel's going to be taking over. Ironically, Mr. Schisler fails to recognize that is exactly what happened on October 15, 2014.