UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF ARKANSAS
                             FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                      PLAINTIFF

        v.              CASE NO. 14-50039

DOYLE D. SMITH                                                DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On April 9, 2015, the undersigned entered an order revoking the Defendant's bond, finding there was probable cause to believe that the Defendant had committed a federal crime while on bond, specifically, a violation of 18 U.S.C. § 514. (Doc. 66.) Currently before the Court is the Government's Motion to Forfeit the Bail Bond of the Defendant, for the Entry of Default Judgment, and for the Forfeiture of Real Property pledged as Security (Doc. 70); the Defendant's Response thereto (Doc. 71); and the Government's Reply (Doc. 72).[1]

The Order Setting Conditions of Release included a $50,000.00 appearance bond, secured by the deed to Defendant's home. (Docs. 9, 10.) The order specifically provided that violation of any conditions of release could result in the forfeiture of the bond. (Doc. 9.) The appearance bond itself stated:

---

[1] Two pro se communications were received by the Court by "a man, donnie, in non-representative capacity" (Doc. 73) and from the Defendant himself (Doc. 74). As stated in the docket entries made on the filing of these communications, and given the undersigned's recommendation for forfeiture of only $5,000.00 of the secured bond, it is unnecessary to address or take any action with regard to these communications.

>  *Forfeiture of the bond.*  This appearance bond may be forfeited if the defendant does not comply with the above agreement [which includes compliance with all conditions set forth in the Order Setting Conditions of Release].  The Court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interests and costs.

(Doc. 10 at pg. 1.)

Rule 46(f)(1) of the Federal Rules of Criminal Procedure provides, "The court must declare the bail forfeited if a condition of the bond is breached."  Accordingly, it appears mandatory that the $50,000 secured appearance bond be declared FORFEITED.  See Appearance Bond Sur. v. U.S., 622 F.2d 334, 336 (8th Cir. 1980) (upon breach of the bond agreement, the district court had no discretion in determining whether the bond should be forfeited).

Rule 46(f)(2) provides that the "court may set aside in whole or in part a bail forfeiture upon any condition the court may impose if . . . it appears that justice does not require bail forfeiture."  The Defendant requests that the forfeiture be set aside in full.  The Eighth Circuit considers three factors in determining whether justice requires forfeiture: the willfulness of the breach, the expense, inconvenience and delay to the Government, and any other mitigating circumstances. Id. Although there is evidence that the breach was willful, the expense,

inconvenience and delay to the Government were minimal. Defendant had not fled, he was arrested without incident, and the proceedings relating to the revocation were not prolonged. Accordingly, the undersigned finds and recommends that the forfeiture be set aside in part. The undersigned finds and recommends that justice will be served by setting aside forfeiture of $45,000.00 of the bond, and ordering forfeiture of only $5,000.00 of the bond. The undersigned further recommends that a default judgment in the amount of $5,000.00 be entered in favor of the Government. See Fed. R. Crim. P. 46(f)(3)(A).

Based upon the foregoing, the undersigned recommends that the **Government's Motion to Forfeit the Bail Bond of the Defendant, for the Entry of Default Judgment, and for the Forfeiture of Real Property pledged as Security (Doc. 70) be GRANTED to the extent that the $50,000.00 secured bond should be declared forfeited, but that $45,000.00 of the forfeiture should be set aside, and that a default judgment in the amount of $5,000.00 should be entered in favor of the Government.**

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The**

parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 5th day of May, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE